**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable William J. Martínez**

Civil Action No. 12-cv-00706-WJM

SHAWN LOVETT,

    Applicant,

v.

COLORADO STATE PENITENTIARY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO DISMISS IN PART AND FOR ANSWER

    Applicant, Shawn Lovett, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who is currently incarcerated at the Colorado State Penitentiary. Mr. Lovett, acting *pro se*, initiated this action by submitting to the Court an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on March 21, 2012. Mr. Lovett is challenging the validity of his conviction and sentence in Case No. 07CR5489 in the El Paso County District Court.

    On May 22, 2012, Magistrate Judge Boyd N. Boland entered an order directing Respondents to file a Pre-Answer Response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On June 12, 2012, Respondents filed a Pre-Answer Response. Mr. Lovett has not filed a Reply.

The Court must construe liberally the Application filed by Mr. Lovett because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be dismissed in part.

**I.      Background and State Court Proceedings**

Mr. Lovett pled guilty to one count of aggravated robbery and one count of sexual assault in exchange for the dismissal of several other counts in Case No. 07CR5489 and the resolution of other criminal cases not relevant to this proceeding.  Pre-Answer Resp. at 2.  The plea agreement stipulated sentences of 30 years for the aggravated robbery count and an indeterminate probation term from 20 years to life for the sexual assault count. *Id.*

Prior to sentencing, Mr. Lovett filed several *pro se* letters and motions to withdraw his plea and for substitute counsel. *Id.* He argued that he was coerced into pleading guilty and that he received ineffective assistance of counsel. *Id.* After a hearing, the trial court denied Mr. Lovett's motions. *Id.* Mr. Lovett was then sentenced under the terms of the plea agreement on February 20, 2009. *Id.* at 3.

Mr. Lovett filed a direct appeal to the Colorado Court of Appeals, and the appellate court affirmed the trial court decision on November 24, 2010.  Pre-Answer Resp. at Ex. E. The Colorado Supreme Court denied certiorari review on March 28, 2011. *Id.* at Ex. C.

Mr. Lovett initiated the instant action in this Court on March 21, 2012. In the

Application, Mr. Lovett asserts the following claims:

> 1. His conviction was obtained by the use of a coerced confession.
>
> 2. He received ineffective assistance of counsel because Mr. Lovett's counsel failed to seek disqualification of the prosecutor, allowed the investigator to coerce Mr. Lovett to plead guilty, and coerced Mr. Lovett into accepting the plea deal without investigating the case.
>
> 3. Mr. Lovett's constitutional rights were violated because he is actually innocent and because he did not have enough time to consider his guilty plea.

Respondents concede, and the Court agrees, that the action is timely under 28 U.S.C. § 2244(d). However, Respondents argue that Mr. Lovett's claims are unexhausted in the state courts and are now procedurally defaulted.

## II.     Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252

(10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

"Generally speaking, [the Court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Lovett's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a

4

procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986).  A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception.  *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

Respondents argue that Claim One is unexhausted (Mr. Lovett's guilty plea was coerced) because Mr. Lovett failed to present this claim to the Colorado Court of Appeals in his direct appeal.  Pre-Answer Resp. at 12.  They assert that on direct appeal, Mr. Lovett raised a claim that the trial court abused its discretion in denying his motion to withdraw his guilty plea, but failed to raise any claim which asserted that his plea was constitutionally invalid.  *Id.* at 12-13.  Therefore, Respondents argue that Mr. Lovett failed to present this claim to the state courts as asserting a federal constitutional question.  *Id.* at 9.  Respondents conclude that Claim One is now procedurally barred because under Colo. R. Crim. P. 35(c)(3)(VI), the claim would be rejected as successive.  *Id.*

Upon review of Mr. Lovett's opening brief on direct appeal, the Court agrees that Mr. Lovett failed to satisfy the fair presentation requirement for Claim One.  *See* Pre-Answer Resp. at Ex. G, p. 4-7.  Mr. Lovett did not cite to any United States Supreme Court authority and he failed to label the claim a federal one.  *See id.*  Instead, Mr. Lovett relied only on Colorado state case law in developing his argument that the trial court abused its discretion in denying the motion to withdraw his guilty plea.  *Id.*

In order to allow the state courts the opportunity to act on or correct the constitutional violations Mr. Lovett alleges, he must do more than just invoke magic words which may possibly be interpreted to raise a constitutional claim.  Instead, he

must provide legal theory explaining how the decisions of the state court violated the particular federal constitutional rights he claims were violated. *See, e.g., Anderson*, 459 U.S. at 78 (claim on direct appeal that jury instruction was reversible error did not fairly present due process challenge to instruction for habeas exhaustion purposes); *Picard*, 404 U.S. at 276-77 (holding that habeas petitioner failed to fairly present federal claim to state court where, despite presenting all necessary facts, petitioner failed to assert specific argument that he later tried to raise in federal court); *see also Thomas v. Gibson*, 218 F.3d 1213, 1221 n. 6 (10th Cir. 2000) (holding that petitioner's general state court claim was insufficient to exhaust his later, more specific federal habeas claim). Accordingly, the Court finds that Mr. Lovett has failed to exhaust state court remedies for Claim One.

Moreover, with limited exceptions that are not applicable to Claim One, the Colorado Rules of Criminal Procedure bar Mr. Lovett from raising a claim in a post-conviction motion that could have been raised on direct appeal, or that was already raised on post-conviction appeal. *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that post-conviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). Therefore, the Court finds that Mr. Lovett has procedurally defaulted Claim One.

With respect to Mr. Lovett's second claim (ineffective assistance of counsel), Respondents argue that this claim is unexhausted because Mr. Lovett did not raise the same claim in the state courts. Pre-Answer Resp. at 19. In his second claim, Mr. Lovett raises the following allegations: counsel should have attempted to disqualify the prosecutor because the prosecutor was acquainted with the victim; Mr. Lovett had a complete breakdown in communication with counsel based on a conflict that arose because counsel's investigator was forcing Mr. Lovett to accept the plea bargain; counsel failed to conduct a complete investigation of the case; counsel had a conflict of interest; and substitute counsel should have been appointed. Application at 6. On direct appeal, Mr. Lovett raised a claim that a conflict of interest existed between Mr. Lovett and his public defender because Mr. Lovett believed that the investigator had used undue influence to coerce him into pleading guilty; counsel failed in his duty to advocate by failing to attempt to have the prosecutor removed based on her personal involvement with the victim; there was a break down in communication because Mr. Lovett's counsel failed to discuss the case with him and failed to investigate the case to any degree, and an actual conflict of interest existed because Mr. Lovett's counsel "was invested in having Defendant accept the plea bargain." Pre-Answer Resp. at Ex. G, p. 38.

Having reviewed Mr. Lovett's brief on direct appeal, and construing his claim liberally in light of his *pro se* status, the Court finds that the claim he raises in this Court is substantially the same claim that he raised in the state courts. Moreover, Mr. Lovett cited to federal law in support of his claim in the state courts. Therefore, the Court finds

that he has exhausted in the state courts a federal claim that he had a breakdown in communication and an actual conflict of interest with counsel. Accordingly, the Court finds that Claim Two is exhausted and Respondents will be directed to file an answer that fully addresses the merits of this claim.

Finally, in his third claim, Mr. Lovett appears to assert two distinct claims. In Claim 3(a), he alleges that his due process right was violated because victim statements and discovery demonstrate his "actual innocence". Application at 6. In Claim 3(b), he asserts that counsel failed to provide Mr. Lovett with enough time to consider his guilty plea. *Id.*

With respect to Claim 3(a) and Mr. Lovett's allegations of actual innocence, Respondents point out that such a claim is not proper in a federal habeas proceeding. This is because claims of actual innocence are subject to an exacting standard, and in most cases, are simply not cognizable through habeas petitions. As the Supreme Court explained in *Herrera v. Collins*, 506 U.S. 390, 400 (1993), "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding . . . . This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution - not to correct errors of fact." Mr. Lovett's newly discovered evidence is actually the claim itself, rather than the factual predicate of an independent constitutional claim. *See, e.g., Sellers v. Ward*, 135 F.3d 1333, 1338 (10th Cir. 1998). Therefore, because there is no federal constitutional right to habeas relief on the ground that the applicant is innocent, it is irrelevant whether Mr. Lovett has exhausted the claim, and Claim 3(a) will

...

be dismissed because it is not cognizable in a federal habeas proceeding.

With respect to Claim 3(b), that Mr. Lovett's counsel did not provide him adequate time to consider his plea, Mr. Lovett has failed to exhaust this claim. Reading this as a claim that Mr. Lovett's guilty plea was constitutionally invalid, Mr. Lovett simply failed to raise this in the state courts as presenting a federal constitutional claim, as set forth previously in the Court's analysis of Claim One. Therefore, the Court finds that Claim 3(b) is unexhausted.

Moreover, with limited exceptions that are not applicable to Claim 3(b), the Colorado Rules of Criminal Procedure bar Mr. Lovett from raising a claim in a post-conviction motion that could have been raised on direct appeal, or that was already raised on post-conviction appeal. *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also Bastardo*, 646 P.2d at 383 (stating that post-conviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). Therefore, the Court find that Mr. Lovett has procedurally defaulted Claim 3(b).

Mr. Lovett also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice. Claims One and 3(b), therefore, are procedurally barred from federal habeas review and must be dismissed.

Accordingly, it is

ORDERED that Claims One and 3(b) are dismissed with prejudice as procedurally defaulted. It is

FURTHER ORDERED that Claim 3(a) is dismissed with prejudice because it is not cognizable in a federal habeas proceeding. It is

FURTHER ORDERED that within thirty (30) days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted Claim Two. It is

FURTHER ORDERED that within thirty (30) days of the filing of the answer Applicant may file a reply, if he desires.

Dated this 31st day of July, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge