**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable William J. Martínez**

Civil Action No. 12-cv-00706-WJM

SHAWN LOVETT,

    Applicant,

v.

COLORADO STATE PENITENTIARY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

**ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS**

---

This matter is before the Court on Applicant Shawn Lovett's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) ("the Application").  Respondents have filed an Answer (ECF No. 21) ("the Answer").  Mr. Lovett has not filed a Traverse despite being given an opportunity to do so.  After reviewing the record, including the Application, the Answer, and the state court record, the Court concludes that the Application should be denied and the case dismissed with prejudice.

**I.    Background**

Mr. Lovett is challenging the validity of his conviction in El Paso County District Court case number 07CR5489.  As part of a plea agreement involving three separate cases, Mr. Lovett agreed to plead guilty in 07CR5489 to one count of aggravated robbery and one count of sexual assault.  The plea agreement included stipulated sentences of thirty years in prison for aggravated robbery and an indeterminate term of

twenty years to life on probation for sexual assault. Mr. Lovett subsequently sought to withdraw his guilty plea and the Colorado Court of Appeals described those efforts as follows:

> Prior to sentencing, defendant, although represented by counsel, filed several letters and pro se motions to withdraw his plea and for substitute counsel, arguing, inter alia, that he was coerced into pleading guilty by plea counsel's investigator, plea counsel's assistance was ineffective, and his plea was not made knowingly, voluntarily, and intelligently. He also filed a motion arguing that a conflict existed between him and counsel because counsel did not like him, forced him to accept the plea agreement, and did not investigate or file motions.
>
> At the sentencing hearing, the trial court stated that it had reviewed defendant's letters and motions and asked if there was anything else he wanted to say concerning counsel's assistance. Defendant explained that (1) counsel's investigator was his brother's mentor and the investigator had used his influence to talk him into accepting the plea agreement; (2) counsel should have moved to replace the prosecutor because she knew one of the victims; (3) counsel had not shared discovery with him; and (4) he was on medication when he entered his plea.
>
> The court denied the motions, finding that defendant had not presented a fair and just reason to withdraw his plea and had not established that a conflict existed with his counsel. The court then set a new sentencing date.
>
> At sentencing, the court noted that defendant had filed another motion and asked him if he wished to represent himself. Defendant asked if he could plead not guilty if he proceeded pro se. The court informed him that he had already pleaded guilty and that the only issue before the court was sentencing. The court denied defendant's request for new counsel and his motion to withdraw his guilty plea, and sentenced defendant according to the plea agreement.

*People v. Lovett*, No. 09CA1281, slip op. at 1-2 (Colo. App. Nov. 24, 2010) (unpublished) (ECF No. 14-5 at 3-4). On appeal, the Colorado Court of Appeals

affirmed the trial court's order denying Mr. Lovett's motions to withdraw his guilty plea and for substitute counsel. *See id.* On March 28, 2011, the Colorado Supreme Court denied Mr. Lovett's petition for writ of certiorari. (*See* ECF No. 14-3.)

Mr. Lovett asserts three claims for relief in the instant action. The Court previously entered an Order to Dismiss in Part and for Answer (ECF No. 19) in which claims 1, 3(a) and 3(b) were dismissed. The Court specifically determined that claims 1 and 3(b) were procedurally defaulted and that claim 3(a) does not present any issue that is cognizable in this habeas corpus action pursuant to 28 U.S.C. § 2254. As a result, only claim 2 remains to be addressed. Mr. Lovett postures claim 2 as an ineffective assistance of counsel claim in the application. In the Court's prior order, the Court determined that claim 2 raises a federal claim that Mr. Lovett had a breakdown in communication and an actual conflict of interest with counsel. The Court also determined that claim 2, when construed as a federal claim that Mr. Lovett had a breakdown in communication and an actual conflict of interest with counsel, is exhausted. Respondents concede that claim 2 is timely.

**II.     Standard of Review**

The Court must construe the Application liberally because Mr. Lovett is not represented by an attorney in this action. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

3

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Mr. Lovett bears the burden of proof under § 2254(d).  *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam).

The Court reviews claims of legal error and mixed questions of law and fact pursuant to 28 U.S.C. § 2254(d)(1).  *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003).  The threshold question the Court must answer under § 2254(d)(1) is whether Mr. Lovett seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final.  *See Williams v. Taylor*, 529 U.S. 362, 390 (2000).  Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  *Id.* at 412.  Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*.  Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).  If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1).  *See id.* at 1018.

**III. Merits of Claim 2**

As noted above, the Court has construed claim 2 in the Application as a federal

claim that Mr. Lovett had a breakdown in communication and an actual conflict of interest with counsel.  Mr. Lovett makes the following allegations in support of this claim: counsel failed to seek removal of the prosecutor based on the prosecutor's personal involvement with the victim, which demonstrates counsel was not working for him, impaired the trust between Mr. Lovett and counsel, and created a complete breakdown in communication; a defense investigator, who had been a mentor to Mr. Lovett's brother before becoming an investigator and who was invested in having Mr. Lovett plead guilty, used undue influence to coerce Mr. Lovett to plead guilty; and counsel failed to discuss the case with him or investigate the case adequately because counsel believed a plea was in his best interest.  Other than these vague and conclusory allegations in the Application, Mr. Lovett has filed no other papers in this action and he makes no argument regarding the clearly established federal law that might support his conflict of interest claim or how the state court decision rejecting his conflict of interest claim is contrary to, or an unreasonable application of, any clearly established federal law.  *See* 28 U.S.C. § 2254(d)(1).

It was clearly established when Mr. Lovett was convicted that a defendant has a Sixth Amendment right to the effective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  Ordinarily, a litigant asserting a claim that counsel was ineffective must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense.  *See id.* at 687.  However, Mr. Lovett is not required to show prejudice under *Strickland* if he demonstrates that plea counsel "actively represented conflicting interests."  *Mickens v. Taylor*, 535 U.S. 162, 166 (2002).  "An 'actual conflict,'

for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance." *Id.* at 172 n.5.

The trial court determined that Mr. Lovett failed to establish the existence of a conflict of interest with counsel and the Colorado Court of Appeals agreed based on the following reasoning:

> Although an indigent defendant is entitled to effective appointed counsel, the defendant is not entitled to the appointment of substitute counsel without first demonstrating good cause. *People v. Jenkins*, 83 P.3d 1122, 1125-26 (Colo. App. 2003).
>
> If the trial court is on notice of a conflict between a defendant and counsel, the court has a duty to inquire whether continued representation by current counsel is proper. *People v. Campbell*, 58 P.3d 1148, 1156 (Colo. App. 2002). Therefore, when a defendant objects to court-appointed counsel, the trial court must inquire into the reasons for the dissatisfaction. If the defendant establishes good cause, such as a conflict of interest or a complete breakdown in communication, the court must appoint substitute counsel. However, before substitute counsel is warranted, the court must verify the defendant "has some well founded reason for believing that the appointed attorney cannot or will not completely represent him." *People v. Arguello*, 772 P.2d 87, 94 (Colo. 1989) (quoting 2 W. LaFave & J. Israel, *Criminal Procedure* 37 (1984)); *accord People v. Garcia*, 64 P.3d 857, 863 (Colo. App. 2002).
>
> "[A] conflict of interest exists when: (1) an attorney's representation of one client is directly adverse to another client, [or] (2) when the attorney's ability to represent a client is materially limited by the attorney's responsibility to another client or to a third person, or by the attorney's own interests." *People v. Kelling*, 151 P.3d 650, 656-57 (Colo. App. 2006) (quoting *People v. Edebohls*, 944 P.2d 552, 556 (Colo. App. 1996)). A defendant's motion to dismiss defense counsel is subject to the trial court's discretion. The court's ruling will not be disturbed on review absent an abuse of such discretion. *Jenkins*, 83 P.3d at 1125; *Garcia*, 64 P.3d at 863.

> Defendant argued that a conflict of interest existed because counsel's investigator coerced him into accepting the plea, counsel failed to request the prosecutor be removed because she was acquainted with one of the victims, and there was a breakdown in communication with counsel. The trial court found that none of these arguments constituted a conflict of interest for counsel.
>
> As discussed, the trial court found that defendant, at the providency hearing, stated that he was satisfied with counsel's performance and no one had forced him to plead guilty. Further, the prosecutor's casual acquaintance with one of the victims does not create a conflict of interest between defendant and plea counsel. The record supports these findings. Finally, there is no support for defendant's claim that there was a complete breakdown in communication with his counsel. Thus, the district court did not err in denying defendant's motion for substitute counsel.

(ECF No. 14-5 at 6-8.)

As noted above, Mr. Lovett bears the burden of proof under § 2254(d). *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam). In this case, Mr. Lovett fails to demonstrate he is entitled to relief because he fails to identify any clearly established federal law providing that an unconstitutional conflict of interest exists under the circumstances he alleges. In the conflict of interest context, the Supreme Court has noted that it is an open question whether the exception to *Strickland* for cases of actual conflicts of interest extends to conflicts of interest that do not involve multiple or concurrent representation by counsel. *See Mickens*, 535 U.S. at 176.

Mr. Lovett does not allege any conflict of interest premised on either multiple or concurrent representation by counsel and he fails to identify any other clearly established federal law to support his conflict of interest claim. The Court reiterates that clearly established federal law "refers to the holdings, as opposed to the dicta, of [the

Supreme] Court's decisions as of the time of the relevant state-court decision."

*Williams*, 529 U.S. at 412.  Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*.  Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House*, 527 F.3d at 1016.

The absence of any clearly established federal law ends the Court's inquiry under § 2254(d)(1).  *See House*, 527 F.3d at 1018.  Therefore, the Court finds that Mr. Lovett is not entitled to relief on the conflict of interest claim.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is denied and this case is dismissed with prejudice.  It is further

ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

Dated this 5th day of November, 2012.

BY THE COURT:

William J. Martinez
United States District Judge